UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY DEBARBIERIS, *Petitioner.* | § § § | CIVIL ACTION NO. |
| v. | § § § § | JUDGE |
| SUN COAST RESOURCES, INC., *Defendant.* | § § | MAGISTRATE JUDGE |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Petitioner, Anthony Debarbieris ("Petitioner" or "Debarbieris"), by and through his undersigned counsel, Daniel | Williams & Associates, PLLC, and files this Complaint against Defendant Sun Coast Resources, Inc. ("Defendant" or "Sun Coast"), hereby alleges as follows:

### A.   Introduction

This action seeks equitable relief, compensatory, punitive damages, liquidated damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for violation of the Americans With Disabilities Act (ADA), Retaliation, Discrimination and Wrongful Termination. Additionally, Petitioner brings actions to vindicate his rights to fair treatment and equal employment opportunities and to make Petitioner whole.

### B.   Jurisdiction and Venue

This Court has subject matter jurisdiction over Petitioners' claims under 28 U.S.C. § 1331.

Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this district, and the majority of Defendants, who are sued in their official capacities, carry out their official duties at offices located in this district.

### C. **Parties**

Petitioner, Anthony Debarbieris is an individual who resides in Slidell, Louisiana, and has so resided at all times material so this suit.

Defendant, Sun Coast Resources, Inc. is located at 6922 Cavalcade Street, Houston, Texas 77028, is a Company authorized to conduct business in Louisiana and may be served with process by serving its registered agent, National Registered Agents Inc., located at 1108 E South Union Avenue Midvale, UT 84047.

Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-president, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agent, servants, or employees.

### D. **Facts**

Petitioner began working for Sun Coast on September 13, 2006 as a driver in the state of Louisiana. His responsibilities consisted of transporting hazardous materials along with checking and refiling hazardous storage tanks. Additionally, during his employment with Sun Coast, Petitioner received no written reprimands and maintained a level of satisfactory on all performance evaluations.

Prior to his untimely termination, Petitioner was a hard-working employee who diligently performed his duties when assigned to him and had never been written up or disciplined to the contrary.

On or about October 17, 2016, while refueling hazardous storage tanks, Petitioner fell through a faulty railing when standing on the platform. As a result of the fall, Petitioner suffered a series of serious injuries including a broken arm and injuries to his right humerus.

Petitioner was unable to work and neither capable of earning an income and subsequently placed on worker's compensation leave.

While out on workers' comp, Petitioner was constantly harassed by his supervisor, Johnny Mantrana who would inquire about Petitioner's medical condition, treatment and return to work the entire time he was out.

This was stressful for Petitioner as it placed him in fear of potential termination and caused him to become stressed about his future.

Petitioner explained to Mr. Matrara and Human Resources that he could not return to work without his doctor releasing him. Moreover, he explained that he had sustained a disability and that upon returning to work, he must be placed on light or modified duty.

While out on workers' comp, Petitioner retained legal counsel to advise him of his rights. Upon returning to work, Mr. Mantrana and other agents of Sun Coast Resources (i.e. HR department) began to treat Petitioner unfavorably.

Petitioner met with management to discuss his discomfort with the harassment; repetitive questions about his medical treatment and comments related to his medical condition and that he did not feel it was supportive to be asked about his injury so frequently or shunned because he needed leave and reduced duty.

His supervisor expressed to Debarbeiris that Sun Coast frowns on employees who require too much medical leave, and that could be why he was being treated differently and questioned about his injuries so much.

As a result of his disability, retaliation and participation in protected activity, Petitioner was terminated on July 11, 2017.

Petitioner reached out to the EEOC for help on April 24, 2018 by filing a formal charge against Sun Coast for discrimination on the basis of his disability, and retaliation.

Sun Coast discriminated and retaliated against Petitioner as a direct result of his disability and his participation in protected activity. The company was simply not happy with the fact that the employee they originally hired while healthy, had returned to work with a disability, and they certainly were not happy that he decided to oppose the harassment, discrimination, and retaliation that where exhibited towards him upon his return. More specifically, when Petitioner met with his supervisor and notified him of the ongoing harassment and that he was planning to retain counsel to advise him of his rights, he was terminated untimely.

### E.  Jury Demand

Petitioner hereby makes demand for trial by jury. The required statutory jury fee has already been tendered.

### F.  Prayer

Wherefore, Petitioner asks for judgment against Defendant for the following:

  A. Back Pay and Front Pay;

  B. Punitive Damages;

  C. Mental anguish and emotional distress;

  D. Pre-Judgment and Post Judgment Interests;

  E. Reasonable attorney's fees;

  F. Court costs; and

  G. All other relief this court deems appropriate.

          Respectfully Submitted,

          DANIEL | WILLIAMS & ASSOCIATES, PLLC

          By:    */s/Helen M. Daniel*
                    Helen M. Daniel # 31689
                    h.daniel@danielwilliamslaw.com
                    601 Sawyer Street, Suite 200
                    Houston, Texas 77007
                    Telephone: (713) 229-9997
                    Facsimile: (281) 501-6777

**PLEASE SERVE THE FOLLOWING**:
**SUN COAST RESOURCES, INC.**
Through their registered agent:
National Registered Agents, Inc.
1108 E. South Union Avenue
Midvale, Utah 84047